UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLARD E. GAERTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 3:05 CV 141 |
| | ) |
| GREAT LAKES TERMINAL & | ) |
| TRANSPORT CORPORATION, now | ) |
| known as GLS Corporation, ROBERT | ) |
| SHOEMATE, BLACKMER, a DOVER | ) |
| CORPORATION, KENNEDY TANK | ) |
| & MANUFACTURING COMPANY, | ) |
| INC., STEEL TANK & | ) |
| FABRICATING CORPORATION, | ) |
| THE GATES CORPORATION, and | ) |
| LEGEND VALVE & FITTING, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

### I. BACKGROUND

This matter is before the court on various motions by plaintiff and defendants regarding the status of defendants Blackmer, a Dover Corporation ("Dover") and the Gates Corporation ("Gates"). Plaintiff was injured during an accident involving a tanker truck owned and operated by defendant Great Lakes Terminal & Transport ("Great Lakes"). (DE #15 at 1-2.) Initially, plaintiff only listed Great Lakes and its employee, Robert Shoemate, as defendants. (DE #1.) However, after Great Lakes named Dover and Gates as "nonparties" in its answer (DE # 10 at 5) plaintiff amended his complaint to add Dover and Gates as defendants. (DE # 15.)

After several months of discovery, plaintiff moved for summary judgment in favor of defendants Dover (DE # 98-100) and Gates (DE # 101-103). These odd motions (filed by plaintiff on behalf of two defendants) provoked a flurry of litigation. Dover filed its own motion for summary judgment. (DE # 105.) Defendant Great Lakes filed motions to strike plaintiff's motions for summary judgment in favor of Dover and Gates. (DE # 109-10.) Dover then filed a "request for entry of judgment." (DE # 111.) Great Lakes followed this by filing substantive responses opposing plaintiff's motions for summary judgment. (DE # 114-15.) Dover then replied. (Doc. #117.) Gates indicated through another pleading that it expects to be dismissed as a party. (DE # 120.) For reasons set forth below, summary judgment is GRANTED in favor of defendant Dover, and defendant Gates is DISMISSED from the case.

## II. DISCUSSION

Plaintiff and Great Lakes are fighting a small battle over the role of Dover and Gates in this case. Having found no evidence indicating Dover's or Gates's responsibility for the accident, plaintiff wants the two parties out of the litigation, presumably so it can focus on Great Lakes. Great Lakes opposes any maneuver that increases its potential liability and thus wishes to reserve the right to name Dover and Gates as "nonparties" under Indiana law if they are dismissed as defendants. Plaintiff wants Great Lakes barred from doing so. Dover has requested summary judgment in its favor, and Gates is avoiding the fray.

*A. Dover's Status*

Plaintiff first moved for summary judgment on behalf of defendant Dover. (DE # 98-100.) Great Lakes moved to strike the motion as procedurally unfounded. (DE # 109.) These two motion were superceded by Dover's own motion for summary judgment (DE # 105), to which neither plaintiff nor Great Lakes directly responded.

Plaintiff was injured when a hose from a tanker truck broke loose and struck him. The tanker truck was delivering methanol to plaintiff's business. Great Lakes owned and operated the tanker truck. Dover built the pump inside the tanker truck that pushed the methanol out of the hose. (DE # 15 at 1-5.) In his amended complaint, plaintiff alleged that Dover's pump was defective, that the defect was due to Dover's negligent manufacturing, and that the defect in the pump caused the accident. (*Id.* at 4-5.)

Dover argues that there are no facts showing that its pump was defective or malfunctioning, and thus it is entitled to summary judgment. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The court's function is not to weigh the evidence but merely to determine if "there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The court must ask whether "there are genuine factual issues that can properly be resolved only

3

by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. In assessing whether a genuine issue of material fact exists, the court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *See id.* at 255; *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001).

Dover's motion for summary judgment piggybacks off of plaintiff's motion on behalf of Dover. Dover argues that the "material and dispositive fact"is that its pump worked properly at the time of the accident. (DE # 105 at 1-2.) Specifically, Dover notes plaintiff's acknowledgment that "the pump at issue was examined both before and after the accident and no discrepancies were noted" and that plaintiff's expert witness believed that there was "no defect" in the pump. (*Id.*) In his odd motion for summary judgment on behalf of Dover, plaintiff indicated his agreement with these statements. (DE # 99.) In addition, plaintiff failed to respond to Dover's own summary judgment motion, thus acceding to Dover's argument, and no other defendants have contested plaintiff and Dover's factual assertions, nor could they because there have been no cross-claims filed against Dover.[1] *See Fraioli v. Lemcke*, 328 F. Supp. 2d 250, 263 (D.R.I. 2004) (codefendants not entitled to object to each other's summary judgment motions unless they have filed cross-claims against each other). Thus, there is no genuine issue of material of fact regarding the pump built by Dover— it is uncontested that the pump

---

[1] The only party to contest the granting of summary judgment in favor of Dover is defendant Great Lakes, and it does so "only for the purposes of preserving the right to assert a nonparty defense against Dover once dismissed." (Docket # 115 at 3).  That issue will be addressed below.

worked properly. Because plaintiff's negligence claim alleges that the pump was defective, and discovery has revealed that Dover's product was not defective, plaintiff's cause of action against Dover fails, as plaintiff himself has admitted.

*B. Gates' Status*

Plaintiff has attempted to remove Gates by filing a motion for summary judgment on Gates' behalf. (DE # 101-03.) Defendant Great Lakes initially moved to strike plaintiff's motion as procedurally irregular, but then filed a substantive response. (DE # 110, 114.) In its response, Great Lakes stated that plaintiff's motion for summary judgment on Gates' behalf "is akin to and should be treated as a motion to voluntarily dismiss Gates pursuant to" Federal Rule of Civil Procedure 41. (DE # 114 at 4.) Great Lakes also stated that it had no objection to such a dismissal, as long as it retained its "right to assert a nonparty defense against Gates" should Gates be dismissed. (*Id.*). Gates has indicated in a different pleading that it wishes to be dismissed from the case. (DE # 120.)

These proceedings are problematic because plaintiff moved for summary judgment on Gates' behalf. As Great Lakes noted in its motion to strike, such a motion is procedurally irregular. (DE # 110 at 2.) FEDERAL RULE OF CIVIL PROCEDURE 56 only contemplates a party moving for summary judgment *for itself*, not on behalf of another party. *See generally* FED. R. CIV. P. 56. However, in doing so, plaintiff has essentially waived his claims against Gates, the alleged manufacturer of the hose used in the accident. (DE # 15 at 6.) Gates has no counterclaims against plaintiff or cross-claims

5

against any other defendant. And no defendant has filed a cross-claim against Gates. Gates has also indicated it wants out of the case. (DE #120.) In such circumstances, it would be inappropriate for Gates to continue as a defendant.

The court therefore accepts Great Lakes' suggestion, and will treat plaintiff's motion for summary judgment on behalf of Gates as a motion for voluntary dismissal under FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2), as Gates has already answered plaintiff's amended complaint. "Motions for voluntary dismissal under Rule 41(a)(2) are committed to the district court's discretion" and that discretion is only abused when "the defendant would suffer 'plain legal prejudice' as a result." *Wojitas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007) (quoting *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)).  Plaintiff seeks to drop his complaint against Gates, Gates apparently agrees, and no party has identified any prejudice that Gates might suffer as a result. This court will dismiss Gates as a party to this case.

*C. Dover and Gates Status As Potential "Nonparties"*

What led to this fight between plaintiff and Great Lakes over Dover and Gates is the possibility of Great Lakes again naming the two corporations as "nonparties," as it did in its initial answer. (DE # 10.)

Indiana law defines a nonparty as "a person who caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant." Ind. Code § 34-6-2-88 (2006). Indiana's Comparative Fault Act

6

allows defendants to assert a "nonparty" defense, where they may attempt to attribute fault to a nonparty rather than themselves. Ind. Code § 34-51-2-14 (2006). When this defense is asserted, a jury must decide the percentage of fault of each party and "any person who is a nonparty." Ind. Code § 34-51-2-7(b)(1). A nonparty, however, is not legally liable to the plaintiff, and thus a successful nonparty defense will reduce the plaintiff's potential award and the defendants' possible liability.

As part of an affirmative defense, Great Lakes initially named Dover and Gates as nonparties in its answer. (DE # 10.) Plaintiff then added the two corporations as defendants, so Great Lakes removed them as nonparties. (DE # 15, 16.) Through his motions for summary judgment, plaintiff seeks to dismiss Dover and Gates as defendants, and also prevent Great Lakes from adding them back as nonparties. (DE # 98-103.) In response, Great Lakes argues that this dispute is "not ripe" and seeks to preserve its right to list Dover and Gates as nonparties, should they be dismissed as defendants. (DE # 109-10, 112, 114.)

Both plaintiff and Great Lakes have gotten ahead of themselves. In order to add Dover and Gates as nonparties, Great Lakes must move for leave to amend its answer under FEDERAL RULE OF CIVIL PROCEDURE 15(a). Plaintiff will have the opportunity to oppose the motion, and, if unsuccessful, respond to the amended answer. At this point, any dispute over whether Great Lakes may replead Dover and Gates as "nonparties" is premature.

III. CONCLUSION

For the foregoing reasons, defendant Dover's motion for summary judgment (DE #105, 111) is GRANTED. Plaintiff's motion for summary judgment in favor of Dover (DE # 98-100) and defendant Great Lakes' motion to strike and its brief in opposition (DE # 109, 115) are denied as moot. Plaintiff's motion for summary judgment in favor of defendant Gates (DE # 101-103) is construed as a motion for voluntary dismissal of Gates as a defendant and is GRANTED. Defendant Great Lakes' motion to strike and its response (DE # 110, 114) in opposition are denied as moot. The Clerk is to **ENTER JUDGMENT** stating:

> Judgment is entered in favor of defendant Blackmer, a Dover Corporation. Defendant the Gates Corporation is dismissed as a party to this action.

**SO ORDERED.**

**ENTER:** August 14, 2007

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT