UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WILLARD E. GAERTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05 CV 141 |
| | ) | |
| GREAT LAKES TERMINAL & | ) | |
| TRANSPORT CORPORATION, now | ) | |
| known as GLS Corporation, ROBERT | ) | |
| SHOEMATE, KENNEDY TANK | ) | |
| & MANUFACTURING COMPANY, | ) | |
| INC., STEEL TANK & | ) | |
| FABRICATING CORPORATION, and | ) | |
| LEGEND VALVE & FITTING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Defendant, Great Lakes Terminal & Transport Corporation ("Great Lakes") has moved for partial summary judgment on plaintiff's claims for lost wages and corporate profits. (DE # 93-94.) Plaintiff has responded (DE # 95-96) and Great Lakes replied. (DE # 104.) For reasons set forth below, Great Lakes' motion for summary judgment on plaintiff's lost wages and corporate profits claims is GRANTED.

## I. FACTS

On July 29, 2003, plaintiff was injured during an accident involving a tanker truck owned and operated by defendant Great Lakes Terminal & Transport. (DE # 15 at 1-4.) Plaintiff owns 70% of Gaerte Engines, Inc., ("Gaerte Engines") an Indiana "S" corporation that manufactures race car engines. (DE # 94-2 at 3-7; DE # 96 at 3.) Plaintiff

also serves as the corporation's president, chief salesperson and "front man." (DE # 94-2 at 5; DE # 96 at 3-5.) Plaintiff receives a $60,000 annual salary from Gaerte Engines, which he himself set. (DE # 94-2 at 12-13.) Plaintiff's son and daughter own the remaining 30% of the corporation and serve as its other two officers. (DE # 94-2 at 3-5; DE # 96 at 3.) Gaerte Engines was incorporated in 1981. (DE # 96 at 5.) The business was founded in 1969, and plaintiff ran the business as a sole proprietorship from 1969 to 1981. (*Id.*)

Plaintiff alleges that the injuries he suffered during the accident made him unable to perform his regular duties at Gaerte Engines thereby damaging the corporation. (DE # 15 at 4; DE # 94-2 at 9, 16-18, 23.) Specifically, plaintiff notes that he was unable to attend several annual trade shows and races where he normally would have been representing the corporation and selling its products. (DE # 94-2 at 9, 16-18, 23.) During the one or two year period when plaintiff was unable to perform his regular duties, the corporation's revenue went down. (*Id.*) Specifically, plaintiff claims that Gaerte Engines' revenue decreased by roughly $400,000 over this period. (DE # 94-2 at 23.) However, plaintiff did admit that this decrease was due, at least in part, to a marketwide decline in demand for the types of engines made by Gaerte Engines. (DE # 94-2 at 7.)

As part of his personal injury claim against Great Lakes, plaintiff requests damages for lost wages and lost profits from Gaerte Engines. (DE # 15 at 4.) Great Lakes has moved for partial summary judgment on these damages claims. (DE # 93-94.) Great

2

Lakes argues that plaintiff continued to receive his normal salary from Gaerte Engines even after his injury so he did not lose any wages. (DE # 94 at 4-6.) Further, Great Lakes claims that Indiana law does not allow an injured corporate employee and shareholder to collect damages on behalf of a corporation. (*Id.* at 5-7.) Great Lakes also asserts that plaintiff's damages are speculative. (*Id.* at 5-6.) Plaintiff responds that recent Indiana precedent does allow a plaintiff who is essentially the "sole proprietor" of an S corporation to seek damages for the corporation's lost profits. (DE # 96.) Great Lakes replied that the case relied on by plaintiff is distinguishable, and that plaintiff has failed to rebut its argument that his corporate damages are speculative. (DE # 104.)

## II. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The court's function is not to weigh the evidence but merely to determine if "there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The court must ask whether "there are genuine factual issues that can properly be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. In assessing whether a genuine issue of material fact exists, the court must construe all facts and draw all reasonable inferences in the light

most favorable to the nonmoving party. *See id.* at 255; *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001).

This court has jurisdiction over the case on the basis of diversity jurisdiction. (DE # 15 at 1-2) (alleging that plaintiff is an Indiana citizen and Great Lakes is an Illinois resident with its principal place of business in Illinois, and the amount in question exceeds $75,000). The court's duty in a diversity case is to apply state substantive law, as it believes the highest court of the state would apply it. *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001).

   *B. Plaintiff's Claim For Lost Wages*

Great Lakes argues that plaintiff cannot receive damages based on his lost wages because he continued to receive his salary from Gaerte Engines during the time in which he was injured and unable to complete his normal duties. In his response to the summary judgment motion, plaintiff completely failed to respond to this point, (*see* DE # 95-96) thus waiving any argument. *See E.E.O.C. v. U.S. Bell*, No. 2:03 CV 237, 2005 U.S. Dist. LEXIS 35805, 2005 WL 1683979, at *15 (N.D. Ind. July 19, 2005) (issues raised in summary judgment motion that non-moving party does not properly respond to are deemed waived). Furthermore, in deposition testimony, plaintiff admitted that he continued to receive his annual $60,000 salary from Gaerte Engines after he was injured. (DE # 94-2 at 10-14.) Thus, it is undisputed that plaintiff did not lose any wages due to his injury. This court will grant summary judgment to Great Lakes on plaintiff's claim for lost wages. *See Liberty Lobby, Inc.,* 477 U.S. at 250.

*B. Plaintiff's Claim For Lost Corporate Profits*

Great Lakes also requests summary judgment on plaintiff's damages claim for Gaerte Engines' lost profits. Great Lakes initially argued that plaintiff did not have standing under Indiana law to receive damages for losses incurred by Gaerte Engines due to his injuries. (DE # 94 at 6-7.) In support of this argument, Great Lakes cited *Benson v. Marble*, 255 N.E.2d 230 (Ind. App. 1970). *(Id.* at 7.) *Benson* rejected the corporate damages claim made by a plaintiff who owned 50% of a corporation called Maria's Pizza, Inc. *Id.* at 231, 234. The plaintiff in *Benson* was injured in an accident, and was unable to complete her normal duties at the corporation. *Id.* at 231. Her corporation then had to spend extra money to hire someone else to perform these duties. *Id. Benson* rejected the plaintiff's claim to recover for her corporation's costs, holding that:

> additional expenses incurred by a corporation by reason of a shareholder-employee's absence due to injury allegedly caused by a third person are not admissible as an element of damages in the shareholder-employee's action for personal injuries against a third person.

*Id.* at 234. Relying on this holding, Great Lakes asserted that Indiana law barred plaintiff from recovering any damages suffered by Gaerte Engines as a result of his injury. (DE # 94 at 7.)

In his response, plaintiff identifies new Indiana case law that he claims supercedes *Benson*. (DE # 95, 96.) *Bova v. Gary*, 843 N.E.2d 952 (Ind. Ct. App. 2006) held that an Indiana trial court had the discretion to admit evidence of a corporation's lost profits to establish the value of an injured shareholder-employee's damages due to a third party's negligence. *Id.* at 959. However, such damages are available only when

5

the plaintiff owns an S corporation that is "essentially . . . a sole proprietorship . . . ." *Id.* at 958. Plaintiff argues that he is essentially the sole proprietor of Gaerte Engines, and therefore this court should exercise its discretion and allow him to claim Gaerte Engines' damages as his own. (DE # 96 at 3-5.)

Great Lakes replies that *Bova* is not controlling, but rather creates a conflict within the different districts of the Indiana Court of Appeals, and notes that *Bova* failed to address the contrary holding in *Benson*. (DE # 104 at 1-2, 4-6.) Furthermore, Great Lakes claims that this case differs from *Bova* on the facts. (*Id.* at 4-6.)

This court agrees with Great Lakes that *Bova* and *Benson* appear to create a conflict in Indiana law. *Benson* expressly forbid the types of damages awarded in *Bova*, and *Bova*, while an otherwise thorough decision, failed to discuss *Benson*. "In the absence of a decision by the state's highest court, federal courts treat decisions by its intermediate appellate courts as authoritative, unless a split among those courts make such treatment impossible" or there is a strong reason to doubt the decision. *S. Ill. Riverboat Casino Cruises, Inc., v. Triangle Insulation & Sheet Metal Co.*, 302 F.3d 667, 674 (7th Cir. 2002). Both decisions were issued by Indiana's intermediate appellate court, and there are no strong reasons to doubt either decision, so the court must "determine whether this split of authority makes it impossible to give authoritative effect to either decision." *Id.* at 674-75.

The court concludes that both *Bova* and *Benson* maintain their authoritative effect – *Bova* does not overrule *Benson*, but rather creates a special exception to its holding.

*Benson* held that an injured shareholder-employee may not recover damages from a third party for losses incurred by his or her corporation. *Benson*, 255 N.E.2d at 234. *Bova* leaves *Benson*'s foundation intact, but merely creates an exception to the rule against recovering these types of damages – when a plaintiff is the "alter ego" of an S corporation, he or she may be able to recover damages the corporation suffers that stem from his or her injury. *See Bova*, 843 N.E.2d at 958-59.

The remaining question is whether plaintiff can avoid summary judgment on his corporate damages claim by showing that he meets the extremely "limited circumstances" outlined in *Bova*. *Bova* described these limited circumstances as where "the S corporation is essentially a sole proprietorship in which the only shareholder is so actively engaged in the company's day-to-day operations that he is akin to the entity's alter ego . . . ." *Bova*, 843 N.E.2d at 958. Furthermore, in determining that the plaintiff in *Bova* was essentially his company's alter ego, the court noted that the plaintiff was "personally liable" for his corporation's "secured debt" and that "he is the sole shareholder, president, and primary decision maker of the company." *Id.* In addition, even after the court determines that the plaintiff is in fact the "alter ego" of his corporation, these damages then become a matter of "the trial court's discretion . . . ." *Id.* at 959. Such damages are not mandatory. *See id.* Finally, the only damages available were those that the corporation incurred "as a direct result" of the plaintiff's injuries. *See id.* at 957.

In this case, plaintiff has failed to present enough facts to show that he is the alter ego of Gaerte Engines, particularly when compared to the plaintiff in *Bova*. The plaintiff there did all of his corporation's "purchasing and selling" oversaw "accounting and was involved in production." *Bova*, 843 N.E. 2d at 954. He also owned 100% of his corporation, was the company's president and primary decision maker, oversaw day-to-day operations of the business, and was personally liable for the corporation's secured debt. *Id.* at 958-59.

It is uncontested that plaintiff is the president of Gaerte Engines. However, plaintiff only owns 70% of his company, (DE # 96 at 3) not 100%, like the plaintiff in *Bova*. That court repeatedly stressed this fact. *See Bova*, 843 N.E. 2d at 958-59 (noting the plaintiff is the "only shareholder" and "sole shareholder"). Plaintiff notes that he is the "majority shareholder" (DE # 96 at 5) but that is far different from owning the entire company, because, as president, he still owes a fiduciary duty to the minority shareholders. *See United States v. Bhagavan*, 116 F.3d 189, 193 (7th Cir. 1997) (party's "position as majority shareholder and president brought with it fiduciary duties to act in the interests of the minority shareholders").

Plaintiff argues that he is "the person in charge of [Gaerte Engines'] day-to-day operations" (DE # 96 at 5) but fails to cite any evidence in support of this assertion. Plaintiff notes that the company is named after him, and that "he attends trade shows on a regular basis, and is in affect [sic] the 'front man' or alter ego of Gaerte Engines, Inc." (*Id.* at 3-4.) But naming rights are basically meaningless, and acting as the public

8

face of the corporation differs markedly from controlling its decisions. Merely claiming plaintiff is Gaerte Engines' alter ego does not make it so.

Other points raised by plaintiff are either unpersuasive or work against his position. It does not matter why Gaerte Engines was incorporated (plaintiff claims it was done in order to reduce his estate tax liability), and noting the date of incorporation reveals that the business has been in corporate form for over twenty-five years – far longer than it was a sole proprietorship. (DE # 96 at 3-5.)

Plaintiff fails to show, or even allege, that he is personally liable for Gaerte Engines' secured debts, or that plaintiff serves as the corporation's primary decision maker. Combined with the fact that plaintiff is not Gaerte Engines' sole shareholder, and his failure to present any evidence that he oversees the corporation's day-to-day operations, his case contrasts strongly with the plaintiff in *Bova*.

Further, in *Bova*, there were uncontested allegations that "nothing other than the injuries [the plaintiff] sustained as a result of the accident would have" decreased his corporation's profits so significantly. *Bova*, 843 N.E. 2d at 954. Here, plaintiff alleges that Gaerte Engines' revenue decreased by $400,000 during the period he was unable to attend trade shows and races. (DE # 94-2 at 23.) However, while plaintiff claims this loss is attributable to his absence, (*id.*) he also admitted that a negative "market trend" caused the decrease in revenues. (DE # 94-2 at 7.) Therefore, in comparison to *Bova*, it is far less clear whether Gaerte Engines' reduced revenues are a "direct result" of plaintiff's injury.

9

In all, plaintiff fails to demonstrate that his case is close enough to the "limited circumstances" described in *Bova*. Unlike the *Bova* plaintiff, he is not the sole shareholder. Plaintiff does not allege that he is personally liable for Gaerte Engines' secured debt, and has failed to provide evidence showing that he is in charge of day-to-day operations or the corporation's primary decision maker. The few similarities plaintiff notes are simply not enough to entitle him to these unusual damages. This court holds that Great Lakes is entitled to judgment as a matter of law on plaintiff's lost corporate profits damages claim, because plaintiff has not presented enough facts to show that he merits such damages under Indiana law. *See* FED. R. CIV. P. 56(c).

## III. CONCLUSION

For the foregoing reasons, defendant Great Lakes' motion for partial summary judgment (DE # 93-94.) is GRANTED.

**SO ORDERED.**

**ENTER:** August 27, 2007

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT